94 So.2d 241

### Earl A. LEONARD

### v.

### HOLMES & BARNES, Limited, and Great American Indemnity Company.

In re Earl A. LEONARD and Coal Operators Casualty Company, Intervenor, Applying for Certiorari, or Writ of Review.

No. 42779.

Feb. 25, 1957.

Rehearing Denied April 1, 1957.

Harvey Peltier, Thibodaux, Benton & Moseley, Baton Rouge, Gravel, Humphries, Sheffield & Mansour, Alexandria, for plaintiff and for intervenor.

Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, for defendants-appellants-respondents.

HAWTHORNE, Justice.

This case is before us under our supervisory jurisdiction to review a judgment of the Court of Appeal, First Circuit, which reversed a judgment of the district court in favor of the plaintiff, Earl A. Leonard, and the intervenor, Coal Operators Casualty Company, and dismissed plaintiff's suit. See 84 So.2d 109.

This is a tort action in which plaintiff is seeking to recover damages growing out of a collision between a 1936 Ford coach which he was driving and a truck being driven by Alex Tillman, an employee of Holmes & Barnes, Ltd. The defendants are Holmes & Barnes, Ltd., and its insurer, Great American Indemnity Company. Coal Operators Casualty Company intervened in the suit to recover workmen's compensation and medical expenses paid to the plaintiff as a result of injuries which he sustained in the accident.

The defendants denied any negligence on the part of Tillman, the operator of the truck, and alleged that the accident was caused solely by the negligence of Leonard.

In the alternative defendants pleaded contributory negligence.

The accident occurred in the corporate limits of Port Allen, Louisiana, at about 1:30 in the afternoon on a clear, dry day in January, 1951. Tillman, the operator of the truck, was proceeding in a westerly direction on Highway 168, which is an east and west highway running through the Town of Port Allen. His destination was a store on the south side of the highway known as Mims Grocery. As he approached a small gravel driveway leading to this grocery, according to his testimony he slowed his truck to a speed of about 15 miles an hour preparatory to making a left-hand turn across the highway to enter the gravel driveway to the grocery. When the front of his truck had entered the gravel road leading to the store and the rear wheels of the trailer attached to the truck were approximately on the black center line of the highway, the right rear corner of the trailer was struck by the left front and side of the Ford automobile driven by the plaintiff.

The Court of Appeal found the driver of the truck, Tillman, to be negligent in that he failed to look to his rear just before attempting the lefthand turn, under the well settled law of this state that a person who attempts to make a left turn on a public highway must be sure before doing so that the turn can be made in safety. R.S. 32:235, 236; Dunnington v. Richard,

La.App. 1 Cir., 81 So.2d 33; Tyler v. Marquette Casualty Co., La.App. 2 Cir., 79 So. 2d 376; Fornea v. Crain, La.App. 1 Cir., 79 So.2d 95; Michelli v. Rheem Mfg. Co., La.App.Orl., 34 So.2d 264.

We fully agree with the Court of Appeal's conclusion. Moreover, pictures of the truck involved in this accident, which were introduced in evidence, show it to be a large 10-wheel truck and trailer, the trailer having an enclosed body much wider than the cab of the truck. The truck driver testified that he held out his hand to indicate his intention to turn left. The pictures disclose, however, that this truck and trailer was so constructed that an arm signal would not be visible from the rear even if one had been given, and was not equipped with any mechanical or electrical device by which the driver could signal his intention to turn. Failure to equip the vehicle with such a device was a violation of R.S. 32:236 (B) and constituted negligence on the part of defendants.

The question then presented is whether plaintiff was guilty of contributory negligence so as to bar recovery.

Leonard in his sworn testimony taken by consent of counsel before the trial stated that he was going west behind the truck at a speed of about 35 miles per hour; that in order to pass the truck he increased his speed and pulled over into the south lane; that just as his front wheels had passed the

rear wheels of the truck and trailer, the truck suddenly without warning made a sharp turn to the left; that he then veered to the right back into the north lane, applying his brakes, but was unable to avoid striking the right rear corner of the trailer with the left side of his car. Leonard also testified at the trial of the case that he was proceeding at a speed of 35 miles per hour, and that he picked up to 45 miles per hour to pass the truck. On this occasion, however, he stated that he had moved into the south lane, or his left lane, and was some seven to 10 feet behind the truck when it suddenly turned left.

The physical facts, which speak more clearly than any witness, do not support the plaintiff's version of the accident. The highway at the point of the collision was 18 feet wide with level shoulders 10 feet wide on both sides. The scene of the accident was a residential area within the corporate limits of the Town of Port Allen, where the speed limit was fixed by town ordinance at 25 miles per hour, and there was a sign showing this speed limit just east of a railroad track which was a short distance west of the scene of the collision. Skid marks from Leonard's car began 30 feet to 36 feet from the point of impact with the truck, were in the north lane of traffic, or his right lane, and were fairly straight. As a result of the collision Leonard's car was completely demolished. It struck the righthand rear corner of the

trailer, which was on or just over the center line of the highway, with such force that it knocked the back of the trailer sideways in a semicircle a distance of 18 feet, as shown by the skid marks left on the pavement by the four dual wheels on the rear of the trailer, in spite of the fact that the all-steel truck and trailer weighed when loaded approximately 18,000 pounds.[1] After striking the trailer, Leonard's car was carried by its momentum an additional distance of 114 feet, and finally stopped against a bank on the north side of the highway.

The physical facts as we have outlined them conclusively show that Leonard was not in the act of passing the truck on its left at the time of the collision and was not even in the south lane preparatory to passing, but do show that he had never left his right, or the north, lane. However, there is one thing these facts clearly show, and that is that Leonard at the time of the accident was driving at a high rate of speed, far in excess of the speed limit, and that he was negligent in operating his vehicle at a high rate of speed much in excess of the speed limit.

It is relators' contention that even though Leonard was driving at an improper or high rate of speed at the time of the collision, such speed would not prevent his recovering if the accident

would have happened if his speed had been proper, or that his excessive speed was not one of the causes of the accident.

"That an automobile was going at an unlawful or excessive speed, in violation of either common law rules or a statute or ordinance, at the time of the collision does not * * * bar recovery for injuries sustained in the collision, if such violation was not a proximate cause of the accident.

"So the act of a motorist in driving at an improper rate of speed at the time of a collision will not prevent his recovering for injuries from such collision, if the accident would have happened if his seed had been proper." Blashfield, 4 Cyclopedia of Automobile Law and Practice, Part 2, sec. 2611, p. 106 ff. (Perm.ed.1946).

This same rule of law was stated by this court in White v. State Farm Mutual Auto Ins. Co., 222 La. 994, 64 So.2d 245, 249, 42 A.L.R.2d 338, as follows:

"Contributory negligence is, as the phrase signifies, negligence which contributes to the accident, that is, negligence having causal connection with it and but for which the accident would not have occurred."

However, the facts of this case show that the accident would not have happened if

---

1. The evidence shows that at the time of the collision the truck was only half loaded.

Leonard's speed had been proper and within the speed limit of the Town of Port Allen. If Leonard had been following the truck at a lawful rate of speed and had been paying attention to what was happening ahead of him, he would have noticed the truck slowing down even if he had been unable to see any signals warning of a left turn, and would have been able to avoid the accident by slowing down, stopping, or turning slightly to his right and passing to the rear of the truck.

R.S. 32:234(A) provides that "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicle and the traffic upon and condition of the highway". As we have said, the physical facts do not support Leonard in his statement that he was in the act of passing the truck on his left. Instead they show that he was following the truck in the north lane and was negligent because he approached too closely to the truck at too great a speed to be able to avoid running into the vehicle in front of him.

In view of the conclusion we have reached in this case it is not necessary for us to consider the intervention of Coal Operators Casualty Company.

For the reasons assigned the judgment of the Court of Appeal is affirmed at plaintiff's costs.

FOURNET, J., absent.