TATE, Judge.
On December 22, 1957 the plaintiff and her four children were riding as passengers in the back of a pick-up truck driven by Ned Papillion when this vehicle turned left as it was being overtaken by a large truck and semi-trailer. The two vehicles collided, and the large trailer overturned and fell across the rear of the pick-up truck, crushing three of the plaintiff’s children to death and causing certain personal injuries to the plaintiff and to her only surviving child, Linus.
This is a suit against Ned Papillion and his liability insurer by the plaintiff (a) as tutrix of Linus to recover damages on behalf of this minor for personal injuries sustained by him and (b) individually to recover for the loss of her other three children, as well as to recover for her own personal injuries and for special damages sustained by her as a result of the accident. The defendants appeal from judgment in favor of the plaintiff.
The evidence shows that approximately one hundred feet before his turn the defendant driver looked and saw the large overtaking truck 400-600 feet to his rear, that he slacked his speed to 10-15 mph as he approached his turn and allegedly held out his hand, and that he looked in his mirror again immediately before turning but did not see the truck; he nevertheless turned left across the main highway upon an assumption that the large truck had slacked its speed in response to his hand-signal. The defendant driver was negligent in failing to yield the right of way to overtaking traffic and in turning left across the highway when the overtaking truck was to his immediate rear, and this negligence clearly was a contributory proximate cause of the accident. LSA-R.S. 32:235, subd. A; Johnson v. Wilson, 239 La. 390, 118 So.2d 450, reversing La.App. 1 Cir., 97 So.2d 674; Washington Fire & Marine Ins. Co. v. Firemen’s Ins. Co., 232 La. 379, 94 So.2d 295; Leonard v. Holmes & Barnes, Ltd., 232 La. 229, 94 So.2d 241.
The trial court awarded the plaintiff individually $1,643.47 for proven medical expenses resulting from the accident, $1,000 for the death of each of her three children, and $500 for her own personal injuries, or a total of $5,143.47; and awarded her also $250 as Linus’ tutrix for that mi *588 nor’s personal injuries. Although, as the defendant argues, very substantial settlements with the plaintiff were made by the insurer of the large over-taking truck; and even assuming (as the trial court felt, in limiting recovery) that the present tort-feasor is entitled to credit for such settlements by third parties to the present proceeding (a view which the writer of the present opinion questioned in Rice v. Traders & General Ins. Co., La.App. 1 Cir., 114 So.2d 92); nevertheless these present awards under the circumstances reflected by this record are far from being manifestly excessive.
And although able counsel for the plaintiff vigorously contends in brief that these awards should be increased, it is well settled that in the absence of an appeal or of a formal answer to the appeal by a plaintiff-appellee a judgment in his favor cannot he increased. Humphries v. Delta Fire & Cas. Co., La.App. 1 Cir., 116 So.2d 130.
For the foregoing reasons, the trial court judgment is
Affirmed.