CULPEPPER, Judge.
The plaintiff, Dorres LeLeux, sues for property damage to his automobile, and personal injuries sustained by his 18 month old son, as a result of an automobile collision. Mrs. Ruby B. McHenry was driving the vehicle insured by defendant, Travelers Insurance Company. Plaintiff’s vehicle was being driven by his wife, Mrs. Barbara Le-Leux, with their child as a guest passenger. The lower court found both drivers negligent and consequently denied plaintiff’s demand for property damage, but awarded $50 for personal injuries, plus $3 medical expense, for plaintiff’s child. Plaintiff appealed.
The scene of the accident is a residential area in the city of New Iberia. Ashton Street runs north and south and is intersected on the west side by Missouri Street, forming a T-intersection. At approximately 3:00 p. m., Mrs. LeLeux, who had parked on Ashton Street about 200 feet south of the intersection, started north on Ashton Street. As she pulled away from the curb, she noticed the vehicle of defendant’s insured about 100 feet to her rear, but thought it had stopped or slowed. There is a conflict in the testimony as to whether Mrs. Le-Leux gave a left turn blinker light signal, for a distance of 100 feet before reaching Missouri Street, but, for purposes of this decision, we find it unnecessary to resolve this factual issue.
When Mrs. LeLeux reached the intersection she looked in her rear view mirror, but failed to see the McHenry vehicle which was only a few feet to her rear. Plaintiff’s wife began her left turn and was 2 or 3 feet past the center of Ashton Street, when the left front portion of her vehicle was struck by the right front portion of the McHenry vehicle, which had attempted to pass in the intersection
In a well considered written opinion, our brother below decided at the outset that Mrs. McHenry “ * * * was negligent in overtaking and passing Mrs. Le-Leux in an intersection, whether or not Mrs. LeLeux signalled her intention to turn left, in view of the absolute prohibition against overtaking and passing any vehicle in an intersection as provided in Parallel Provisions of the New Iberia Traffic Code (Section 23-39(a) (2) and the State Highway Regulatory Act (LSA-R.S. 32:76, A. (2) * * * ”
The substantial issue here is whether plaintiff’s wife was contributorily negligent in making her left turn. The trial judge held this case falls within the well established general rule that, before making a left turn, a motorist must not only give a proper signal but must look for approaching or overtaking traffic and ascertain that the left turn can be made with reasonable safety. Johnson v. Wilson, 239 La. 390, 118 So.2d 450; Washington Fire & Marine Ins. Co. v. Fireman’s Ins. Co., 232 La. 379, 94 So.2d 295; LSA-R.S. 32:104.
Counsel for plaintiff contends this case falls within the line of jurisprudence exonerating a left turning motorist from negligence. One of the authorities cited is the recent case of Hudgens v. Mayeaux, 143 So.2d 606 (3rd Cir.App.1962) in which we held as follows:
“As the present trial court noted, ‘a motorist is free of negligence in making a left turn if he makes a proper signal and commences a left turn upon the reasonable belief, after observing approaching and overtaking traffic, that such turn would not unduly interfere with the progress of such approaching and overtaking traffic * * *.’ See, e. g., Burton v. Allstate Insurance Co., La.App. 3 Cir., 139 So.2d 817, and cases cited therein. In making a left titrn after having made adequate observation and in reasonable reliance that the turn will not unduly impede overtaking traffic, the motorist is not required to maintain a continuous observation to his rear; he is not required to anticipate that gross negligence on the part of the overtaking traffic will nevertheless *419 cause a collision. See Moncrieff v. Lacobie, La.App. 1 Cir., 89 So.2d 471, containing facts analogous to the present.”
In the Hudgens case, supra, the majority-decision found the facts to be that at the time the plaintiff commenced his left turn, the defendant was one-half to three-quarters of a block to the rear; when plaintiff paused for another vehicle to turn across his path, defendant, at an excessive speed, “flashed by” in the midst of this congested traffic situation in a grossly negligent manner which plaintiff was not required to anticipate, particularly in view of the circumstances which required plaintiff’s principal observation to be directed to the front.
The present matter does not fall within the rule set forth in Hudgens, supra, or the cases cited therein. Here defendant’s insured was only one car length to the rear, traveling only IS to 20 miles per hour, and had already started her passing maneuver, when plaintiff looked in her rear view mirror, preparatory to making a left turn. Plaintiff didn’t see the overtaking vehicle, but she should have. It was in plain view and it was obvious that the left turn could not be made with reasonable safety. There were no special or unusual circumstances to negative the application of the general rule stated above.
The contributory negligence of Mrs. LeLeux is not imputed to her 18 month old son, Michael, who was a guest passenger. The lower court correctly granted judgment for the child’s personal injuries and medical expense. The injuries were very slight, consisting only of a bump on the head and a bruised ear. The only medication was aspirin. The child was “cross” for about a week. We do not think the award was out of all proportion with other awards for similar injuries.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.