C. L. FORESTER and wife, Kittie Belle Forester, Appellants,

v.

The TEXAS AND PACIFIC RAILWAY COMPANY, Appellee.

No. 21093.

United States Court of Appeals
Fifth Circuit.

Nov. 30, 1964.

Rehearing Denied Jan. 7, 1965.

Otto B. Mullinax, Dallas, Tex., Mullinax, Wells, Morris & Mauzy, Dallas, Tex., of counsel, for appellant.

George Duffield Smith, Jr., and Touchstone, Bernays & Johnston, Dallas, Tex., for appellee.

Before BROWN and WISDOM, Circuit Judges, and ESTES, District Judge.

PER CURIAM.

Plaintiff, in a Texas-based common law suit against the Railroad, sought recovery for injuries suffered while a passenger. The jury finding adversely to the plaintiff, judgment was for the defendant Railroad.

On appeal, the plaintiff makes two complaints. The first concerns instructions given and instructions refused, some of which related to the nature of the Carrier's duty to exercise a high degree of care, another the exoneration of the Carrier if the injuries were caused by movements incidental to the operation of the train. The second complains of the prejudicial effect of defense counsel's unsworn statements, in the presence of the jury, as to the reason for the Railroad's inability to produce the "speed tape" which would have shown the speed of the train at the moment of plaintiff's injury.

■ There is no basis for reversal in the first complaint. Looking at the entire charge, rather than isolated segments thereof, Odekirk v. Sears Roebuck & Co., 7 Cir., 1960, 274 F.2d 441, cert. denied, 362 U.S. 974, 80 S.Ct. 1060, 4 L.Ed.2d 1011; Cohen v. Evening Star, D.C.Cir., 1940, 72 U.S.App.D.C. 258, 113 F.2d 523, it is apparent that the jury was fairly instructed as to the defendant's duty to exercise a high degree of care for the

safety of its passengers, and the incidental operation phase was adequately tied into the absence of negligence.

■ As to the second complaint, the defense counsel's unsworn statement that the "speed tape" had been destroyed in the ordinary course of business, and that the plaintiff's attorney knew of this prior to trial, was clearly inadmissible, and the trial Judge so held—explaining in detail, in the presence of the jury, why this was true. Assuming that the Judge erred in not further instructing the jury in more precise terms to disregard the remarks of the defense counsel, on the record as a whole we are convinced that no substantial prejudice was sustained as a result of this occurrence. And under the express language of F.R.Civ.P. 61, we are commanded to disregard such insubstantial errors.

Affirmed.