GLADNEY, Judge.
This is one of two consolidated suits arising out of the same automobile accident involving vehicles driven by Marvin J. Fulgium and by Jack E. Lamb who was accompanied by his wife, Joyce F. Lamb. In this action Fulgium has prayed for recovery for property damage to his automobile and Lamb has instituted a reconven-tional demand for property damages and medical expenses together with a claim for his alleged personal injuries. From a judgment in favor of plaintiff herein for $270.-00 and rejecting the reconventional demands of Lamb, the latter has perfected an appeal.
The accident occurred on Louisiana Highway No. 1 about 7:15 P.M. on the night of October 31, 1962 approximately eleven miles north of Shreveport in Caddo Parish, Louisiana. Near the scene of the accident the highway is level and straight and is divided into two hard-surfaced traffic lanes. Both vehicles were traveling south with the Fulgium automobile in the process of overtaking the vehicle operated by Lamb. The Fulgium car was traveling at an estimated speed of from 50 to 60 *677 miles per hour and the Lamb automobile at a speed of from 10 to 20 miles per hour slower than the overtaking automobile.
Mr. and Mrs. Lamb testified they were aware of a vehicle approaching from the rear when Lamb began to negotiate a left turn from the highway into a private driveway; that as he was beginning the turn Lamb observed the lights of the vehicle behind him were no longer visible in his rear view mirror, which knowledge prompted him to abandon the left turn and maneuver his car back into its proper lane. This caused him to proceed beyond the driveway entrance. Fulgium testified he had moved into the left lane in order to pass the preceding automobile when he observed that it was turning left across the north bound or passing lane. He testified he then applied his brakes, turned to the right and tried to avoid a collision. As a result of the impact of the two vehicles, the left front fender and bumper of the Fulgium car struck the center and rear bumper of the Lamb automobile. The investigating state trooper’s report placed the point of impact in the south bound lane.
The foregoing facts are not controverted. The only material conflict in the testimony is as to whether Lamb timely gave a signal or warning of his left turn prior to turning his vehicle to the left. The testimony of the parties is conflicting but the trial judge found the warning signal was not given by Lamb before Fulgium had committed himself to a passing movement and therefore the signal was not timely given. We cannot discern error in the ruling.
The jurisprudence appears to be well settled that a driver attempting a left turn must look to his rear immediately before the commencement of the turn and ascertain whether it can be negotiated safely. The facts disclose that although Lamb observed the Fulgium automobile in the act of overtaking his vehicle, he attempted and then changed his mind about completing the left turn maneuver. The foregoing circumstances indicate that the left turn could not be safely executed and it became imperative for Lamb to avoid any movement that might interfere with a passing movement by the following vehicle. LSA-R.S. 32:-104 A and B; Leonard v. Homes & Barnes, Ltd., 232 La. 229, 94 So.2d 241 (1957); Washington Fire & Marine Insurance Company v. Fireman’s Insurance Company, 232 La. 379, 94 So.2d 295 (1957); Johnson v. Wilson, 239 La. 390, 118 So.2d 450 (1960); Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963); Wesley v. Home Indemnity Company, 245 La. 133, 157 So.2d 467 (1963). The facts of Wesley v. Home Indemnity Company are analogous. There the overtaking vehicle had begun a passing movement but in order to avoid striking the left turning vehicle the driver cut back to his right but did not avoid the collision. The court in holding the driver of the left turning vehicle negligent, observed:
“By his own statement it is clear that Mr. Smith was negligent in turning when he did for he did not look immediately before he started the turn. It is well settled that a motorist who attempts a left turn or who attempts to turn from a direct line on the public highways of the State must ascertain in advance that the turn can be made without endangering normal overtaking or oncoming traffic and the giving of a signal is not the only burden placed on the motorist for he must, in addition, check the rear immediately before the turn is attempted to ascertain whether it can be executed safely.” [157 So.2d 467, 469].
Our study of the record discloses that Fulgium exercised due and reasonable precautions as was incumbent upon the overtaking and passing driver and was not at fault in any respect. To the contrary, the evidence reveals Lamb was attempting to execute a left turning movement when *678 such a movement could not be done in reasonable safety.
For the reasons assigned we find no error in the judgment from which the defendant has appealed, and, accordingly it is affirmed at appellant's cost.