Erskine Niel **BACON**, Appellant,

v.

The **KANSAS CITY SOUTHERN RAIL-WAY COMPANY** and **Central Surety &** **Insurance Corporation, Appellees.**

No. 23616.

United States Court of Appeals
Fifth Circuit.

Feb. 21, 1967.

Roland J. Achee, Ferris & Achee, Taylor W. O'Hearn, Brown & O'Hearn, Shreveport, La., for appellant.

Harry A. Johnson, Jr., Val Irion, Shreveport, La., Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, La., of counsel, for appellees.

Before RIVES and WISDOM, Circuit Judges, and CONNALLY, District Judge.

CONNALLY, District Judge:

This is a personal injury action arising from an automobile accident that occurred on November 29, 1963, in Caddo Parish, Louisiana.

Bacon, the plaintiff below, appeals from the judgment entered pursuant to a general verdict for the defendants rendered by a jury.

The facts are largely undisputed. The evidence shows that Bacon was driving his pickup truck in a westwardly direction on the Blanchard-Latex Road near Blanchard, Louisiana. As Bacon proceeded along the highway, he came upon a pickup truck owned by the Kansas City Southern Railway Company and being driven by its employee, Morgan. Morgan was also traveling west, but at a somewhat slower speed than Bacon.

The accident occurred at or near a bridge. Some 65 feet east of the bridge was a car parked on the righthand or north shoulder of the highway. Both Bacon and Morgan testified to seeing the parked car prior to executing the maneuvers that resulted in the collision.

As the two trucks approached the bridge, Bacon swung his truck into the lefthand lane in an attempt to pass Morgan. Very shortly after Bacon began his passing maneuver, Morgan gradually pulled his pickup to the left in order to insure adequate clearance between his pickup and the parked car. This action caused Bacon to move partially on the lefthand or south shoulder of the road. Bacon, however, could not continue on the shoulder due to the presence of the bridge. In order to avoid hitting the bridge, Bacon swung his pickup to the right, colliding with the rear of Morgan's pickup. Unhappily, this procedure did not benefit Bacon for he caromed off Morgan's truck and into the bridge abutment.

Morgan was completely unaware of Bacon's presence behind him until Bacon collided with the rear of his vehicle. Bacon did not sound his horn prior to attempting to pass Morgan's pickup.

Appellant's primary point of error attacks the trial court's charge to the jury with respect to Louisiana law requiring the sounding of horns.

The trial court charged:

"Any driver attempting to overtake and pass another car is required by law to sound his horn so as to give adequate, audible warning to the driver ahead of his intention to pass, providing this is reasonably necessary in order to complete safe operation. This horn must be audible for at least the distance of 200 feet ahead."

The applicable Louisiana statute provides:

"Every motor vehicle when operated upon a highway of this state shall be equipped with a horn in good working order and capable of emitting sound audible under normal conditions from a distance of not less than 200 feet, but no horn or other warning device shall emit an unreasonably loud or harsh sound or a whistle. The driver of a motor vehicle shall, when reasonably necessary to insure safe operation, give audible warning with his horn, but he shall not otherwise use such horn when upon a highway of this state." L.R.S. 32:351(A).

Appellant complains that the trial court's charge was an erroneous statement of the applicable law, and that the court further erred in refusing to give appellant's special requested charge relative to the sounding of horns.

In considering the question of whether the trial court's charge was erroneous, we need not deal in semantics or isolated phrases of the charge. The

law is clear that if the charge, viewed as a whole, correctly states the law involved, it is not erroneous. This is so even though the charge does not correspond word for word with the applicable statute. Garrett v. Campbell, 360 F.2d 382 (5th Cir. 1966); Forester v. Texas & P. Ry. Co., 338 F.2d 970 (5th Cir. 1964); Bush v. Louisville & N. R. R. Co., 260 F.2d 854 (5th Cir. 1958).

 We have carefully considered the complained-of portion of the charge and are convinced that the trial court gave a fair and accurate instruction on the applicable law. Appellant was not injured by the fact that the trial court did not charge the jury in the precise language of the statute or as requested by the appellant. See, Eastern Air Lines, Inc. v. American Cyanamid Co., 321 F.2d 683 (5th Cir. 1963); Bern v. Evans, 349 F.2d 282 (8th Cir. 1965).

 Appellant next complains that the court below erred in refusing to charge the jury on the "last clear chance" doctrine. There is no evidence in the record to indicate that Morgan knew or should have known that Bacon was behind him or was about to pass him. The Louisiana law is clear that in order to bring the doctrine of last clear chance into play there must be evidence indicating that the offending party was or should have been aware of the other's peril, and afforded a chance to avoid the accident. The record does not support the submission of the "last clear chance" doctrine. Hollabaugh-Seale Funeral Home v. Standard Acc. Ins. Co., 215 La. 545, 41 So.2d 212 (1949).

Finally, appellant complains of the trial judge's questioning of a witness in regard to matters that were covered by a pre-trial stipulation.

 The point is meritless. In the first place, we find no error in the trial judge's action, and in the second place, the appellant failed to object to the action. Rule 46, F.R.Civ.P.

The judgment of the trial court is

Affirmed.