CULPEPPER, Judge.
This is a suit for damages arising out of an automobile accident. The plaintiff, Mrs. Yvonne R. Fontenot, driving a pickup truck, was attempting to pass a large truck and trailer, driven by the defendant, Frank Pepitone, when defendant’s vehicle veered into the passing lane, causing plaintiff’s vehicle to overturn in the ditch. From an adverse judgment, defendant appeals.
The issues on appeal are (1) the negligence of the defendant and (2) the contributory negligence of the plaintiff.
The scene is about one mile north of the city of Opelousas on Louisiana Highway 749, a two-lane, two-way, blacktopped highway, 18 feet in width, with a white center line. The road runs west and makes a sharp turn toward the north, after which it is straight and level. The speed limit is 60 miles per hour.
The time was about 8:45 a. m. on a clear, dry day.
There is little dispute as to the facts. Highway Department crews, using tractor-pulled rotary mowers, were cutting the grass on the east shoulder of the highway. Signs reading “Mowers Next 3 Miles” and “Men Working” were placed along the road beginning east of the curve.
Mrs. Fontenot, driving in a westerly direction, went around the curve and was proceeding toward the north at a speed of 40 to 50 miles per hour when she saw defendant’s slower moving truck and trail *247 er ahead, going north, in its own right-hand lane. After observing that there were no other vehicles approaching on the highway from the front or the rear, she commenced a passing maneuver and moved into the left-hand lane. When she reached a point near the back of defendant’s trailer, it veered into the passing lane. Mrs. Fon-tenot was unable to stop or turn to the left to avoid a collision. Her right front fender struck the left rear wheel of the trailer. Plaintiff’s vehicle then proceeded off the west side of the highway and turned over in the ditch.
Mrs. Fontenot admits she did not see the signs put out by the mower crews. Nor did she see a tractor-pulled mower which was approaching on the east shoulder of the highway, 18 to 24 inches from the edge of the pavement, near the point of impact. Furthermore, Mrs. Fontenot concedes that she did not blow her horn bé-fore passing.
The testimony as to the distance between the curve and the point of impact varies from 600 to 2100 feet. These discrepancies are immaterial, for even if the point of impact was only 600 feet from the curve, this is a sufficient distance that the curve is not a factor in our decision.
Mr. Pepitone testified he saw the signs near the curve and also saw the south-bound tractor-mower approaching on the east shoulder of the highway. He was traveling about 25 miles per hour. As he came close to the tractor, he veered to the left to give safe clearance. Pepi-tone did not think he had crossed the center line but the police officer who investigated the accident established the point of impact in the passing lane, from which the trial judge concluded, and we agree, that Pepitone did veer into the left-hand lane. When defendant’s vehicle reached a point about 10 feet from the mowing machine, plaintiff’s pickup truck struck the rear of the trailer.
Pepitone admits that he did not look to the rear, did not see the Fontenot vehicle approaching, and gave no signal that he was turning into the passing lane. He says that he had looked in his rear view mirror shortly before going around the curve and saw no vehicles to the rear hut, as he approached the mowing machine, he directed his attention entirely toward the front.
The first issue is defendant’s negligence. LSA-R.S. 32:71 requires that “a vehicle shall be driven upon the right half of the roadway” except in certain situations, none of which are pertinent here. LSA-R.S. 32:104, subd. A. provides that no person shall “turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.” This rule has been applied in many cases involving a left turning motorist. Babineaux v. Sims, La.App., 111 So.2d 848 (1st Cir. 1959); Walker v. Shipp, La.App., 192 So.2d 224; Fulgium v. Lamb, La.App., 179 So.2d 676; LeLeux v. Travelers Insurance Company, La.App., 162 So.2d 417.
However, defendant contends it was reasonably necessary for him to leave the right half of the highway and turn into the left-hand lane in order to give safe clearance to the mowing machine. Even assuming that this was reasonable', defendant, under the above authorities, should have looked to the rear for following vehicles before turning into the passing lane. Had he done so, he would (or should) have seen Mrs. Fontenot in time to avoid the accident by either giving her a signal of his intention to change lanes or remaining in his own proper right-hand side of the highway.
The defendant Pepitone was clearly negligent for turning from a direct course in his right-hand lane and moving into the left-hand lane without a signal and without looking to the rear to see that such a movement could be made with reasonable safety.
The next issue is whether Mrs. Fontenot was guilty of contributory negligence. The *248 thrust of defendant’s argument is that Mrs. Fontenot should have seen the signs, warning of the presence of the mowing machines, and should have slowed and proceeded with due care under the circumstances. A very respectable contention is made that Mrs. Fontenot should have seen the mowing machine near the edge of the pavement on the east shoulder and should have foreseen that defendant would veer to the left to give more clearance to the mower. Defendants contend that Mrs. Fontenot should not have attempted to pass defendant’s truck or, at the very least, she should have blown her horn to warn defendant of her intention to pass.[1].
 LSA-R.S. 32:351 provides in pertinent part that a motorist “shall, when reasonably necessary to insure safe operation, give audible warning with his horn, * * *_» Our jurisprudence is established that there is no duty on the part of an overtaking motorist to sound his horn where there is no apparent necessity to do so, such as, for instance, when the preceding vehicle is in its own lane without any signal or other circumstance indicating that it might deviate from that path. Barber v. Sumrall, La.App., 206 So.2d 560 (1st Cir. 1968); Babineaux v. Sims, supra. “The purpose of sounding the horn is not to warn the forward vehicle not to turn left, but is to give the overtaking motorist the right to require the vehicle ahead to swerve to the right to afford a sufficient path in which the overtaking vehicle may pass.” Crane v. London, La.App., 152 So.2d 631 (2d Cir. 1963).
Defendant contends it was “reasonably necessary” under the circumstances that plaintiff sound her horn before attempting to pass. Pepitone admittedly gave no signal of his intention to move into the passing lane. Hence this was not a circumstance requiring the horn. See Sterling v. Ritchie, La.App., 182 So.2d 735 (1st Cir. 1966) where the forward vehicle was giving a left turn signal and the passing motorist was held negligent for failure to sound his horn or pull back into the right-hand lane.
The presence of the mowing machine on the shoulder is the only circumstance which could have made it reasonably necessary for Mrs. Fontenot to sound her horn. The trial judge has found as a fact that this circumstance was not sufficient. With this we find no manifest error. Even if Mrs. Fontenot had seen the mower, she could have reasonably concluded there was sufficient clearance for defendant’s truck to continue straight forward without veering to the left. The paved portion of the highway was 18 feet, and each lane 9 feet, in width. Defendant’s truck was 7 feet wide. Assuming the mowing machine was only 18 inches from the edge of the pavement, the defendant had 31/2 feet of clearance without invading the passing lane.
We find no manifest error in the trial judge’s conclusion that the sole cause of this accident was defendant veering into the left-hand lane without giving a signal of his intention to do so and without observing to the rear that such maneuver could be made in safety.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed.

. In the similar case of Bacon v. Kansas City Southern Railway Co., et al., 373 F.2d 515 (5th Cir. 1967) a jury held the passing motorist negligent for failure to sound his horn before attempting to pass the forward vehicle near a point where a car was parked on the right-hand shoulder. The issue in the reported decision is the correctness of the charge to the jury. No reasons for the verdict are set forth.