ELLIS, Judge.
As a result of a collision between the motor vehicles of Willie Goings and the defendant’s insured, Edward C. Smith, at approximately seven o’clock on September 13, 1961 on Highway 66 in West Feliciana Parish, Willie Goings filed suit individually and on behalf of his minor son, who was accompanying him, for personal injuries and property damage to his automobile, and his wife, Mary L. Goings, also filed suit as a result of personal injuries allegedly suffered in the collision.
Plaintiffs in their joint petition allege that they were traveling east toward St. Francisville on Highway 66 when upon reaching the Dawson school and while slowing to make a left turn their automobile *334 was struck from behind by a 1955 Ford automobile owned and driven by Edward C. Smith and insured by the defendant, State Farm Mutual Automobile Insurance Company.
The defendant, State Farm Mutual Automobile Insurance Company, liability insurer of Edward C. Smith, denied its insured was guilty of negligence and in the alternative pleaded that Goings was guilty of contributory negligence.
The District Court, with written reasons, and after a correct resume of the material facts proven on the trial, concluded that the Goings vehicle was making a left turn into a private driveway and “ * * * inasmuch as Willie Goings states that he saw the lights of the Smith car coming he is guilty of negligence in failing to yield the right of way, as provided by R.S. 32:235 and 236.”
In considering the question of Smith’s negligence the Lower Court stated:
“The next question to be considered is whether or not Smith was likewise negligent. Smith testified that he saw plaintiff’s car some 150 to 200 feet ahead of him and realized that he was rapidly overtaking plaintiff. He then blinked his headlights and started around plaintiff.
“The Court is of the opinion that defendant’s insured, Smith, was traveling too fast under the weather and road conditions. Fie should have slowed his vehicle when he realized that plaintiff was traveling very slowly, and should have proceeded with caution. Smith was further negligent in failing to properly warn the driver of the other vehicle, by giving an audible and sufficient warning of his intention to pass, as provided by R.S. 32:233(B)”.
As to the guest passengers in the Goings car, the minor, Rayfield Goings, and the wife, Mary Goings, plaintiff herein, the Court awarded the former $750.00 and the latter $1,250.00 for the alleged injuries suffered as a result of the collision.
Willie Goings has appealed individually and on behalf of the minor seeking an increase for the latter, while Mary Goings has appealed individually seeking an increase in the damages awarded her by the lower-court.
The defendant has appealed from the judgment awarded against it in favor of the minor and the wife, contending that its. insured was guilty of no negligence.
We are in complete accord with the-findings of the lower court that Willie-Goings, with full knowledge of the Smith car approaching to his rear, had begun a left turn into an unmarked and obscure-private driveway and was guilty of negligence which was a proximate cause of the-accident and resulting injuries by his failure to exercise the duty imposed upon him under the law and jurisprudence of ascertaining that such turn could be made without danger to oncoming or overtaking traffic. See West v. T. L. James & Company, La.App., 142 So.2d 853; Hudgens v. Mayeaux, La.App., 143 So.2d 606; LeBreton v. Ballanga, La.App., 146 So.2d 58; Gaspard v. Lenaire, La.App., 146 So.2d 467; United States Fidelity & Guaranty Company v. Bergeron, La.App., 148 So.2d 162.
We next come to the question of' whether the defendant’s insured was negligent, so as to ascertain whether the judgment in favor of the minor and the wife is. correct. From the written reasons, supra,, the District Judge concluded that Smithi “was traveling too fast under the weather- and road conditions.” The evidence shows. that he was going 35 miles per hour when, he was within 150 to 200 feet of the Goings, motor vehicle. It is true that it was raining and dark and Highway 66 is a blacktopped, winding road, although the speed: limit was 60 miles per hour on this road. We do not believe that the darkness nor-the rain, nor the crookedness, nor the speed. *335 of 35 miles per hour had any causal connection with the accident. Thirty-five miles per hour under the conditions was not excessive. The Lower Court in its written reasons did not find as a matter of fact that the Goings vehicle had any directional signals on nor that he had given a hand signal. He found Smith guilty of negligence in not slowing the speed of his motor vehicle when he realized that the plaintiff was traveling very slowly. The mere fact that Goings was traveling “very slowly” was not sufficient reason for Smith to anticipate that he intended to malee a left turn into this most obscure private driveway. The evidence shows that the Goings vehicle had proceeded a very short distance in its left turn maneuver at the moment of collision. After the collision the two vehicles travelled only about four or five feet, showing that neither was traveling at an excessive speed at the moment of collision. Smith, as well as his wife, testified that he was within 15 or 20 feet of the Goings vehicle when he realized that it had begun a left turn. He put on his brakes and steered his automobile back toward the right side of the highway but could not avoid the collision. While he was evidently further than 15 or 20 feet when he realized the danger from the left turn of Goings, we believe that he was so close to the rear of the Goings vehicle that the left turn is to be considered as clearly creating an emergency in which he had no part.
We do not belive that Smith was under a duty to warn Goings of his intention to pass by blowing his horn, as the latter was fully aware of the former's presence to his rear according to his own testimony. Furthermore, Smith had no reason to believe that Goings had not only observed his presence to the rear but also his signal that he intended to pass by dimming and brightening his lights. The Lower Court did not find that Goings had his directional signals on nor had given a visible hand signal, and we cannot, from this record, find that it was in error in failing to do so. In the first place, although all three occupants of the Goings car testified that the directional signals had been put on and a hand signal given in addition, and Goings himself testified that he had done this sur or seven hundred yards prior to the point of collision, it is a fact that he told the trooper that he had only given a hand signal. Goings also denied that he had begun his left turn when he was struck by the Smith vehicle; yet the trooper testified that he had told him he had begun his left turn and the trooper was clearly of the opinion from the physical facts that he had begun his left turn.
It is well-settled that a failure to sound the horn before passing is not negligence per se but only where such failure is the proximate cause of the accident. Martin v. Globe Indemnity Company, La.App., 64 So.2d 267, Service Fire Ins. Company v. Indiaian Lumbermens Mutual Insurance Company, La.App., 111 So.2d 358, Desormeaux v. Southern Farm Bureau Casualty Insurance Company, La.App., 108 So.2d 672.
The sole proximate cause of this accident was the failure of Willie Goings in completely ignoring the duty placed upon him under the law and the jurisprudence prior to executing his left turn or making certain that he could do so in safety, and without danger or undue delay to oncoming traffic, and that he must refrain from making the turn unless and until the way was clear.
We therefore find that the defendant’s insured was guilty of no negligence whatsoever and that tire sole proximate cause of this accident was the negligence of Willie Goings in violation of the duty imposed upon him by law. Accordingly, the judgment of the District Court dismissing Willie Goings suit is affirmed and the judgment in favor of Willie Goings on behalf of his minor son and that of his wife, Mary Goings, individually, is reversed and annulled and the suit dismissed at the plaintiffs’ cost.
Affirmed in part and reversed in part.