206 So.2d 560 (1968)
Huette A. BARBER
v.
Viron O. SUMRALL et al.
No. 7220.
Court of Appeal of Louisiana, First Circuit.
January 29, 1968.
*561 John W. Anthony, of Talley, Anthony, Hughes & Knight, Bogalusa, for appellant.
Donald H. Lee, of Seal, Lee & Crain, Bogalusa, for appellees.
Before LOTTINGER, SARTAIN and ELLIS, JJ.
ELLIS, Judge.
This is a suit for damages arising out of an automobile accident which happened in Washington Parish, Louisiana, on October 17, 1965. From a judgment in favor of plaintiff for $1000.00, and costs, both plaintiff and defendant have appealed.
Plaintiff was riding as a guest passenger in defendant's automobile, driving in a Northerly direction on State Highway 21, south of Bogalusa, at approximately 50 miles per hour, when defendant overtook a slower moving automobile, also proceeding in a northerly direction in the Northbound traffic lane. Defendant blinked his headlights at least once to signify his intention of passing, and then pulled out into the passing lane. As his front end came up with the rear end of the preceding vehicle, it suddenly pulled over into the passing lane. When it did so, defendant applied his brakes and pulled onto the shoulder of the road in order to avoid a collision. He found himself faced by a bridge abutment blocking his path and drove his car down the embankment into the ditch. At that point on the highway, there were no side roads, no obstructions in the highway, no vehicles approaching either from ahead or behind, and no apparent reason for the vehicle to pull over.
The evidence showed that the horn on defendant's vehicle was not operating, and that one of the headlights on his vehicle was out, so that only one headlight was operating when the lights were dimmed, and three headlights when the lights were bright.
The district judge found that the defendant was negligent in failing to sound his horn when passing, or in failing to have his horn in operating condition as required by R.S. 32:73, and R.S. 32:351. He further commented that there was some question as to defendant having proper headlights on his vehicle.
R.S. 32:351 requires that every motor vehicle be equipped with a horn in good working order, and that a driver give audible warning therewith when reasonably necessary to insure safe operation. Under the provisions of R.S. 32:73, there is no requirement that an overtaking vehicle sound his horn but it is required that an overtaken vehicle give way to the right when an audible signal is given. The jurisprudence has uniformly held that there is no duty on the part of an overtaking motorist to sound his horn when there is no apparent necessity to do so, i.e., when the overtaken vehicle is proceeding in its own lane without signal and leaving sufficient clearance for the overtaking vehicle to pass. The only time an audible signal is required is when there is not sufficient clearance to pass and it is necessary to sound the horn to warn the overtaken vehicle that it must give way to the right in order to provide such clearance. It has been pointed out that the purpose of *562 sounding the horn is not to warn the overtaken vehicle not to turn left. See Crane v. London, 152 So.2d 631 (La.App. 2 Cir. 1963) and cases cited therein.
The provisions of R.S. 32:303 relating to headlamps on motor vehicles are to the effect that every motor vehicle must be equipped with at least two headlamps with at least one on each side of the front of the motor vehicle. Defendant's headlights complied with the requirements of this statute.
Applying the law to the facts of this case, it is clear that defendant is free from negligence. He was entitled to pass the slower moving vehicle to the left, and there was no traffic on the highway to prevent his so doing. That vehicle, just as defendant drew abreast of its rear end, suddenly pulled to the left, without signal, and with no apparent reason for so doing. Defendant was, at that time, compelled to apply his brakes and swerve to his left onto the shoulder in order to avoid a collision. When he had done so, he was faced with the necessity of either going into the ditch or driving into the bridge abutment. We cannot say that he was negligent in choosing the latter course considering the sudden emergency with which he was confronted.
Under all the circumstances of this case, we find that the sole proximate cause of this accident was the sudden swerving of the overtaken vehicle into the passing lane then occupied by defendant in such close proximity as to compel him to leave the road in order to avoid a collision.
If defendant was negligent in having one of his four headlights not working and in not having his horn in working order, such negligence was not a proximate cause of the accident. Had his horn been in working condition, he was under no duty to sound it before the emergency arose, and had no opportunity to do so thereafter.
The judgment appealed from is therefore reversed, and there will be judgment in favor of defendant and against plaintiff, dismissing plaintiff's demands with all costs in this court and the court below to be paid by plaintiff.
Reversed and rendered.