215 So.2d 367 (1968)
Willie M. HALL, Plaintiff-Appellant,
v.
Troy C. JACKSON, Defendant-Appellee.
No. 11076.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1968.
*368 Hendrick, Fant, Sexton & Bain, Shreveport, for appellant.
Thomas A. Wilson, Shreveport, for appellee.
Before GLADNEY, AYRES and BOLIN, JJ.
BOLIN, Judge.
Willie M. Hall instituted suit against Troy C. Jackson for $448.15 for damage to his 1958 Studebaker automobile resulting from a collision allegedly caused by defendant's negligent operation of a 1966 Chevrolet pickup truck. Defendant filed an answer, reconventional demand and an alternative plea of contributory negligence. Following trial on the merits the trial judge, for oral reasons made a part of the record, concluded both plaintiff and defendant were negligent and dismissed their demands and Hall appeals.
There are two possible issues. The first question to be resolved is whose fault caused the accident? In the event it is decided defendant's negligence was the sole and proximate cause of the accident the question then arises as to the proper method of calculating the award.
The facts are not in dispute. The accident occurred in Shreveport on April 6, 1967 on Monkhouse Drive, which street runs generally north and south and has only two lanes. Immediately preceding the collision Jackson was driving his truck south in the proper lane of travel at a normal rate of speed. Hall, driving his Studebaker, had been following the Jackson pickup for approximately one-half block when he drove his vehicle to the left in order to make a passing maneuver. When the Hall car was in the left lane, and had almost passed the pickup, Jackson attempted a left turn into a private drive causing the left front of the pickup to strike the right door of the Studebaker. Hall admitted he did not sound his horn as he began the passing maneuver. Jackson gave no signal of his intention to turn left and stated the reason he did not see the overtaking Studebaker was because it was apparently in the "blind spot" behind him as he began his left turn.
The trial judge found Jackson guilty of negligence in making a left turn without having first ascertained it could be safely made giving due regard to overtaking motorists. The judge concluded Hall was guilty of contributory negligence in failing to sound his horn before attempting to overtake and pass the pickup truck.
We agree with the conclusion of the trial judge that Jackson was guilty of negligence in making the left turn in the manner in which he did. However, we think he erred in finding Hall guilty of contributory negligence in failing to sound his horn. In considering actions of overtaking motorists we deem the following provisions of the 1962 Louisiana Highway Regulatory Act applicable:
La.R.S. 32:73:
"The following rules shall govern the overtaking and passing of vehicles proceeding in the same direction, subject to those limitations, exceptions, and special rules hereinafter stated: * * *
"(2) Except when overtaking and passing on the right is permitted, the driver of an overtaken vehicle shall give way to the right in favor of the overtaking vehicle on audible signal, and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle." *369 La.R.S. 32:351:
"A. Every motor vehicle when operated upon a highway of this state shall be equipped with a horn in good working order and capable of emitting sound audible under normal conditions from a distance of not less than 200 feet, but no horn or other warning device shall emit an unreasonably loud or harsh sound or a whistle. The driver of a motor vehicle shall, when reasonably necessary to insure safe operation, give audible warning with his horn, but shall not otherwise use such horn when upon a highway of this state." * * *
Section 73 of Title 32 replaced Section 233 of Title 32 of Revised Statutes of 1950 and omitted the requirement that the overtaking motorist must, in every instance, give audible warning of his intention to pass. Also deleted from the Highway Regulatory Act was the statutory imposition of prima facie responsibility upon an overtaking motorist involved in an accident occurring during such maneuver.
The above provisions merely require a vehicle be equipped with a horn in good working order and that a driver give audible warning when it is reasonably necessary to insure the safe operation of his automobile. There is no duty on the part of an overtaking motorist to sound his horn when there is no apparent necessity to do so. An audible signal is only required when there is not sufficient clearance to pass and to warn the overtaken vehicle that it must give way to the right in order to provide such clearance. The purpose of sounding the horn is not to warn the overtaken vehicle not to turn left. Barber v. Sumrall, 206 So.2d 560, La.App. 1 Cir. (1968), citing Crane v. London, 152 So.2d 631, La.App. 2 Cir. (1963).
Applying the law to the facts of this case we find plaintiff free from negligence. He was entitled to pass the slow-moving pickup truck to the left as there was no signal indicating its driver intended to turn left, there was no marked intersection at that point and there were no oncoming vehicles on the highway obstructing his passage. We conclude the sole and proximate cause of the accident was the negligence of defendant in turning left into the private drive without first having ascertained that such a maneuver could be made in safety.
Left for consideration is the question of the proper award due plaintiff for the damage done to his 1958 Studebaker. Hall testified that when he purchased the automobile in 1964 for $400 it was in perfect condition. By stipulation two estimates were filed in the record reflecting the cost of repairing the car would be almost $300. Plaintiff offered no expert testimony to show the value of his car prior to the wreck nor what it was worth after the accident. Testifying for defendant were two people who were experienced in the repairs, purchase and sale of used cars. One of these witnesses estimated it would cost $296 to repair the Studebaker. However, he said the car had a maximum sale value of $150 had it been in good shape. He further concluded the Studebaker was not worth repairing and testified he estimated the car had a salvage value of $35 in its wrecked condition. The other witness for defendant was of the opinion plaintiff's car had a top value of $175 if it had been in excellent condition.
Therefore, in summary, it may be said the Studebaker was not worth what it would cost to repair it. Since plaintiff did not actually make the repairs the proper award is the difference between the value of the car on the date of the accident less its salvage value. We conclude plaintiff's vehicle was worth $165 prior to the accident and had a salvage value of $35, which entitles plaintiff to a judgment against defendant for $130. Laville v. Hartford Accident and Indemnity Company, 178 So.2d 464 (La.App. 1 Cir. 1965); Crabtree v. Home Indemnity Company, 185 So.2d 820 (La.App. 2 Cir. 1966) and cases cited therein.
*370 For the reasons assigned the judgment appealed from is annulled and set aside and it is now ordered that Willie M. Hall have judgment against Troy C. Jackson in the sum of $130 together with legal interest thereon from judicial demand until paid.
The demands of defendant, as plaintiff in reconvention, are dismissed and defendant-appellee is assessed with all costs.