MILLER, Judge.
This suit is consolidated with George A. Fissett, Sr. v. Firemen’s Fund Insurance Company (La.App., 232 So.2d 131). Anna Soileau is suing Hanover Insurance Company, the insurer of George A. Fissett, Sr.; and George A. Fissett, Sr., is suing Firemen’s Fund Insurance Company, the insurer of Anna Soileau. Both are property damage claims. The trial court found concurrent negligence on the part of the drivers of both vehicles and denied recovery. Both plaintiffs have appealed.
On September 14, 1968 a Dodge automobile owned by Anna Soileau and driven by her son, Paul D. Tate, had a collision with a 1959 Volkswagon automobile owned by plaintiff, George A. Fissett, Sr. and driven by Miss Germaine Fontenot. The accident occurred in Evangeline Parish, approximately five miles southwest of Villa Platte, Louisiana. Both vehicles were traveling west on Louisiana 1161, the Volkswagon preceding the Dodge. The Dodge was overtaking the Volkswagon. When both vehicles were approximately 150 feet from the driveway at the residence of one Dan Andrus, the Dodge, driven by Tate, decided to pass the Volkswagon, driven by Miss Fontenot, and proceeded in the left or passing lane. Suddenly the Volkswagon, heading for the Andrus driveway, began a left turn in the path of the Dodge, causing the collision.
The trial court found that Miss Fontenot did not give any signal prior to attempting the left turn and although she stated that she had looked in the mirror and seen nothing prior to the turn, either she did not look or if she looked she did not see what she should have seen, namely the Tate vehicle following behind. There is a gradual curve in the vicinity of the accident but not so sharp as to obscure the Tate automobile had Miss Fontenot maintained a proper lookout prior to making her left turn.
The negligence of Miss Germaine Fon-tenot is conceded. The issue is whether or not Paul D. Tate was negligent in failing to sound his horn prior to attempting to pass the Volkswagon driven by Miss Fon-tenot. If he were negligent, then is the negligence of Miss Fontenot imputed to plaintiff Fissett so as to preclude his recovery ?
Plaintiff-appellant Fissett complains that Paul Tate was traveling approximately 55 miles per hour and that this was an excessive rate of speed considering the fact that he was in a curve at the time. The photographs introduced in evidence indicate that this curve was a rather gradual one. Indeed it must have been so inasmuch as there is no evidence of a yellow line prohibiting passing. Had the curve been a sharp one doubtless there would have been a prohibition against passing and consequently a lower speed would have been indicated. The trial court found that Tate had not exceeded the speed limit nor had he attempted to pass the automobile at an unsafe time. We concur in this finding. The trial court also found that Tate’s failure to blow his horn prior to passing was an act of negligence and with this we disagree.
In the case of Hall v. Jackson, 215 So.2d 367, 369 (La.App. 2 Cir. 1968) the *130 court, after quoting from LSA-R.S. 32:73 and LSA-R.S. 32:351 had this to say:
“The above provisions merely require a vehicle be equipped with a horn in good working order and that a driver give audible warning when it is reasonably necessary to insure the safe operation of his automobile. There is no duty on the part of an overtaking motorist to sound his horn when there is no apparent necessity to do so. An audible signal is only required when there is not sufficient clearance to pass and to warn the overtaken vehicle that it must give way to the right in order to provide such clearance. The purpose of sounding the horn is not to warn the overtaken vehicle not to turn left. Barber v. Sumrall, 206 So.2d 560, La.App. 1 Cir. (1968), citing Crane v. London, 152 So.2d 631, La.App. 2 Cir. (1963).
Applying the law to the facts of this case we find plaintiff free from negligence. He was entitled to pass the slow-moving pickup truck to the left as there was no signal indicating its driver intended to turn left, there was no marked intersection at that point and there were no oncoming vehicles on the highway obstructing his passage. We conclude the sole and proximate cause of the accident was the negligence of defendant in turning left into the private drive without first having ascertained that such a maneuver could be made in safety.”
The Hall case is similar to the instant case. In Hall the defendant had slowed down preparatory to making a left turn into a private driveway as was Miss Fon-tenot slowing down to make a left turn into the driveway of Mr. Andrus at the time of this accident.
The case of Goings v. State Farm Mutual Automobile Insurance Company, 158 So.2d 333 (La.App. 1Cir.1963) involved a similar fact situation where a slow-going motorist attempted a left turn into a private lane. Here the court held that there was no duty to sound the horn and the mere fact that the preceding vehicle was traveling slowly was not sufficient reason for the following vehicle to anticipate that the other intended to make a left turn into an obscure private driveway. See also LSA-R.S. 32:73 and LSA-R.S. 32:351 and Barber v. Sumrall, 206 So.2d 560. (La.App. 1 Cir. 1968).
The statutory purpose for a requirement of giving an audible signal was discussed in considerable detail in Sanders v. Hisaw, 94 So.2d 486, 488 (La.App. 1 Cir. 1957) as follows:
“This distinction as to the statutory purpose is important, since the violation of a statute or ordinance does not constitute actionable negligence unless the statute is designed to control the situation at the time of the accident and to protect the class of person who seeks to inyoke its protection, 38 Am.Jur. 834, “Negligence” Section 163. Thus, in Louisiana the overtaking motorist is under no duty to sound his horn when the forward vehicle is proceeding in its own lane leaving sufficient clearance for passing, and his failure to sound his horn in such circumstances will not be a proximate cause of an accident resulting when the forward vehicle suddenly turns across his path since the purpose of sounding the horn is not to warn the forward vehicle not to turn left, De La Vergne v. Employers Liab. Assur. Corp., [La.App., 4 So.2d 66] above cited.”
The foregoing cases clearly illustrate the principle that the purpose of requiring an overtaking motorist to sound his horn is to clear the roadway ahead of him when it is obstructed. When the preceding vehicle is occupying its own lane of traffic though traveling slowly, there is no duty on the part of an overtaking motorist to sound his horn.
In finding that Tate was not guilty of negligence, it follows that plaintiff George A. Fissett, Sr. is not entitled to recover against Firemen’s Fund Insurance Compa *131 ny, Defendant-Appellee, insurer of the So-ileau vehicle which Tate was driving.
It is stipulated that the damages to the Soileau vehicle are $633.07. Accordingly the judgment of the trial court rejecting the Soileau claim is reversed and plaintiff, Anna Soileau, is awarded judgment in the amount of $633.07 against defendant, Hanover Insurance Company, together with legal interest from date of judicial demand until paid.
Costs, both at trial and on appeal, are taxed to Defendant-Appellee, Hanover Insurance Company.
Reversed and rendered.