CULPEPPER, Judge.
This is a suit for damages caused by an automobile accident. The plaintiff, Mrs. Judy Dupre, was turning left off the highway onto a private road when she was struck by a large truck being driven by defendant’s insured, Isaac Landry, who was engaged in a passing maneuver. The trial judge found the accident was caused solely by the negligence of the left turning plaintiff. Plaintiff appealed.
The accident occurred on Louisiana Highway 167, a two-way, two-lane thoroughfare, of blacktop construction approximately 24 feet in width and running generally north and south. The speed limit was 60 miles per hour. It was a short time after dark and the weather was clear and dry.
Plaintiff’s version of the accident is as follows: She was driving in a northerly direction on Highway 167, returning to her home. Her speed was 30 to 35 miles per hour. As she approached the private road leading to her home, which is on the west side of the highway, she turned on her left turn blinker lights and operated them for a distance of about “two acres.” She slowed down to make her turn and saw defendant’s large truck following behind her. When she reached the driveway, but before she commenced her turn and while she was still in her own right-hand lane of traffic, the truck struck her violently from the rear.
The truck driver testified that he also was proceeding in a northerly direction on Highway 167. He came up on plaintiff’s automobile and a pickup truck, which was “tail-gaiting” plaintiff, about 1 or 2 miles south of the scene of the collision. Landry wanted to pass but was unable to do so because of several curves. After the last curve he commenced a passing maneuver. He passed the pickup truck and it fell behind. As the front of his truck reached a point about even with the rear of plaintiff’s automobile, she suddenly turned left across the highway directly in his path. The truck driver testified that although plaintiff had her driving lights on she did not give a left turn signal. He also stated that he didn’t have time to apply his brakes or swerve to avoid the accident.
The physical facts show that the right front of the large truck struck the left front portion of plaintiff’s automobile. Mr. Jerry Quebedeaux, the state trooper who investigated the accident, testified that the point of impact was in the south bound lane of traffic of Highway 167, which means that plaintiff had commenced her left turn and was across the center line at the time of the collision. He based this conclusion on gouge marks in the highway, tire marks and debris which were observable after the impact.
The trial judge concluded the accident occurred in the south bound lane of traffic and in the manner described by the truck driver, Mr. Landry. He found as a fact that “Mrs. Dupre either gave no signal indicating her intention to make a left-hand turn, or if she did give such a *546 signal, she did so immediately before or just after she began her turn.” Under such findings of fact, we have no difficulty in concluding that the accident was caused by the negligence of Mrs. Dupre.
The law is clear that a motorist turning left off a highway to enter a private road or driveway must not only give a timely signal of his intention to turn but must also yield the right of way to both oncoming and overtaking vehicles lawfully using the highway, LSA-R.S. 32:104(A); Hall v. Jackson, 215 So.2d 367 (2d Cir. 1968); Lewis v. Liberty Mutual Insurance Company, 215 So.2d 138 (3rd Cir. 1968).
The principal case relied on by plaintiff, Gorum v. Pritchard, 173 So.2d 308 (3rd Cir. 1965), is distinguishable on the facts. In Gorum the left turning motorist had not started his turn and was still in his own proper right-hand lane of traffic at the time he was struck from the rear by the defendant.
Of course, this is plaintiff’s version of the facts in the present case but the evidence clearly supports the finding ot fact by the trial judge that plaintiff had commenced her left turn and was in the passing lane at the time of the impact.
Plaintiff also contends the truck driver was negligent in failing to sound his horn before passing. LSA-R.S. 32:351(A) requires the motorist to sound his horn “when reasonably necessary to insure safe operation.” The overtaking motorist is not required to sound his horn before passing in every instance. It is only required when there is an apparent necessity to do so, Hall v. Jackson, 215 So.2d 367 (2nd Cir. 1968). Here there were no circumstances requiring defendant’s insured to sound his horn.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.