379 So.2d 1187 (1980)
Doshie F. AINSWORTH et vir, Plaintiffs-Appellants,
v.
BITUMINOUS CASUALTY CORPORATION et al., Defendants-Appellees.
No. 7285.
Court of Appeal of Louisiana, Third Circuit.
January 30, 1980.
Writs Refused March 21, 1980.
*1188 William Henry Sanders, J. P. Mauffray, Jr., Jena, for plaintiffs-appellants.
Long & Peters, Speedy O. Long, Jena, Trimble, Randow, Smith & Wilson, James T. Trimble, Jr., Gold, Little, Simon, Weems & Bruser, Edward E. Rundell, McLure & McLure, John G. McLure, Alexandria, for defendants-appellees.
Before CULPEPPER, DOMENGEAUX and STOKER, JJ.
STOKER, Judge.
This case, number 7285 on the docket of this court, involves a claim for personal injury sustained during an automobile collision. Plaintiffs-appellants, Doshie and D. W. Ainsworth, filed this suit to recover for the personal injury sustained by Doshie Ainsworth and for the medical expense of the marital regime of D. W. Ainsworth and Doshie Ainsworth. Doshie Ainsworth was driving one of the two cars involved in the accident.
The guest passengers in Doshie Ainsworth's car at the time of the accident filed a compensation suit, civil action 101,299, Anita D. Ainsworth, Et Vir v. Bituminous Casualty Corporation, Et AL., number 7286 on the docket of this court, 379 So.2d 1192. In this case Anita Ainsworth and her husband Travis seek to recover damages for personal injury sustained by Anita Ainsworth and her minor children. In the trial court the above two cases were consolidated for trial and appeal, since the issues and the defendants are the same. These similar issues will be discussed herein, although opinions in this case are being rendered on this day.
The facts reveal that on the date of the accident, the plaintiff in suit 7286, Anita Ainsworth, and her minor children, Debra, Larry, and Mickey, were all guest passengers of Doshie Ainsworth, Anita's sister-in-law, and were accompanying her on a shopping trip. Immediately prior to the accident, Doshie Ainsworth was driving her automobile in a southerly direction on Highway 165, a two-lane hard-topped highway. Defendant, Clyde Nichols, was following Doshie Ainsworth in his pickup truck. The accident occurred when Doshie Ainsworth, attempting to turn left into a driveway, was struck by defendant's truck which was attempting to pass in the left lane. The present actions arise from the accident.
The trial jury found, in response to special interrogatories, that defendant was not negligent. The jury apparently accepted as true defendant-Nichols' testimony as to the facts surrounding the occurrence of the accident. Although defendant's testimony is contradicted by plaintiffs' witnesses, the members of the jury were in a position to observe the witnesses' demeanor and determine their credibility. An examination of the record does not reveal that the jury committed manifest error in accepting as credible defendant's testimony as to the cause of the accident.
In Begnaud v. Texas & New Orleans Railroad Company, 136 So.2d 123 (La.App. 3rd Cir. 1961), this court stated, "It has been repeatedly held that the court will not set aside the verdict of a jury in a case where the testimony is conflicting, when the testimony of the witnesses, if accepted as credible, is sufficient to sustain the verdict."
*1189 In the present case, Nichols' testimony, if accepted as credible, placed before the jury sufficient evidence upon which it could base a conclusion that defendant was not negligent. Defendant stated that when he attempted to pass plaintiff's car, the left lane was free of oncoming cars, and Doshie Ainsworth had slowed down and activated her right-turn signal. The record reveals that there was no yellow line prohibiting passing at the point where defendant attempted to pass plaintiff's car. Faced with similar circumstances, this court believes reasonable persons could have concluded that it was safe to attempt to pass Mrs. Ainsworth's car. Defendant was not negligent in attempting to pass Ainsworth's car.
However, plaintiffs contend, citing LSA-R.S. 32:351,[1] that defendant was negligent in failing to sound his horn prior to passing the Ainsworth automobile. In Soileau v. Hanover Insurance Company, 232 So.2d 128 (La.App. 3rd Cir. 1970), this court stated, in reference to that statute:
... the purpose of requiring an overtaking motorist to sound his horn is to clear the roadway ahead of him when it is obstructed. When the preceding vehicle is occupying its own lane of traffic though traveling slowly, there is no duty on the part of an overtaking motorist to sound his horn.
In the instant action, the record reveals that when defendant attempted to pass, Ainsworth's vehicle was occupying its own lane of traffic. Since Ainsworth's vehicle was occupying its own lane when defendant attempted to pass, defendant was under no duty to sound his horn.
The jury's finding that defendant was not negligent is amply supported by the record, which upon review, in its entirety, reveals no manifest error in their decision. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).

LAST CLEAR CHANCE
Plaintiffs assign as error the court's charge to the jury on the doctrine of last clear chance. The charge reads:
If you find that both Doshie Gennette Ainsworth and Clyde Nichols were negligent, then you must consider the doctrine of Last Clear Chance.
The elements of this doctrine which the plaintiffs must prove by a preponderance of the evidence are:
1) Doshie Gennette Ainsworth was in a position of peril of which she was unaware or from which she was unable to extricate herself;
* * * * * *
3) At the time Clyde Nichols could have, with the exercise of due care, avoided the accident.
However, the doctrine of Last Clear Chance applies to both parties involved in this accident ... pardon me, to both parties involved in an accident. It is like a two-edged sword, applicable equally to the rights of the defendants and those of the plaintiffs. If you find that plaintiff, Doshie Gennette Ainsworth, actually discovered or should have discovered her peril in time to extricate herself from the danger, and then failed to do so, the plaintiffs may not recover under the Last Clear Chance Rule, because plaintiff, Doshie Gennette Ainsworth, also had a Last Clear Chance to avoid the accident and was contributorily negligent in failing to do so ...
LSA-C.C.P. article 1792, which governs jury charges, provides:
In his charge to the jury the judge shall instruct the jurors on the law applicable to the cause submitted to them, but he shall not recapitulate or comment upon *1190 the evidence so as to exercise any influence upon their decision as to the facts.
Moreover, in Bush v. St. Paul Fire and Marine Ins. Co., 264 So.2d 717 (La.App. 1st Cir. 1972), the court stated, "A meaningful jury trial includes a proper instruction by the court. Adequate instructions are those instructions which fairly and reasonably point up the issues . . . and which provide correct principles of law for the jury's application thereto."
The question presented in the instant action is whether the judge's charge on the doctrine of last clear chance accurately reflects the correct principles of law.
In Baumgartner v. State Farm Mutual Automobile Ins. Co., 356 So.2d 400 (La. 1978), the court stated:
The last clear chance doctrine was created to escape the harsh effects of the contributory negligence defense which operates, in its strict application, as an absolute bar to a plaintiff's recovery.
Justice Dixon writing for the majority in Baumgartner (footnote 8, page 406) took the opportunity to express the court's "disapproval of a concept first introduced into Louisiana jurisprudence by the court in Bergeron v. Department of Highways, 221 La. 595, 60 So.2d 4 (1952)." That concept, now looked upon by the court with disfavor, was quoted from American Jurisprudence in the Bergeron case. American Jurisprudence stated that the last clear chance doctrine was a "two-edged sword applicable equally to the rights of a defendant and those of a plaintiff. Justice Dixon made clear in the footnote that the "double-edged sword" concept is no longer proper in discussion of last clear chance in Louisiana.
The footnote states "Since the last clear chance doctrine was originally intended as an escape from the effect of contributory negligence on the part of plaintiff, it is doubtful that last clear chance was intended to be a weapon in the hands of defendant."[2]
These clear statements of the Supreme Court bring into question the trial judge's charge that the last clear chance doctrine is like a "two-edged sword." After Baumgartner such a jury charge is at least unfavorable, and it may be totally in error.
To apply last clear chance Both parties must be found negligent. Only if both are negligent is the doctrine of last clear chance an available tool of the plaintiff.
In the present case the special interrogatories were not in keeping with this proper negligence theory. The jury first answered that defendant Nichols was not negligent, then that plaintiff Doshie Ainswroth was negligent, then that Nichols did not have the last clear chance.
Plaintiffs object that these questions show the jury was confused. Certainly, it was superfluous for the jury to consider the question of whether the defendant, Nichols, had the last clear chance to avoid the accident after it had answered the first interrogatory directed to them to the effect that Nichols was not negligent. However, the two answers are consistent. Hence, no confusion is apparent on the fact of the answers to the interrogatories. The superfluous action of the jury could have been avoided if the interrogatories had been propounded with instructions not to proceed to answer any further interrogatories if the jury found the defendant not to have been guilty of negligence which was a cause of the accident. The failure to do so we consider of no moment and to be harmless error. Likewise, we consider the reference to the doctrine of last clear chance as a two-edged sword as harmless error.

*1191 DUTY TO SOUND HORN
Plaintiff Anita Ainsworth assigns as error the judge's charge to the jury on the duty of an automobile driver to sound his horn.
LSA-R.S. 32:351(A), which governs a motorist's duty to sound his horn, provides, in pertinent part:
A. Every motor vehicle when operated upon a highway of this state shall be equipped with a horn in good working order and capable of emitting sound audible under normal conditions from a distance of not less than 200 feet, but no horn or other warning device shall emit an unreasonably loud or harsh sound or whistle. The driver of a motor vehicle shall, when reasonably necessary to insure safe operation, give audible warning with his horn, but shall not otherwise use such horn when upon a highway of this state.
In Soileau v. Hanover Insurance Co., supra, this court, quoting from Hall v. Jackson, 215 So.2d 367 (La.App. 2nd Cir. 1968), stated, in reference to 32:351:
The above provisions merely require a vehicle be equipped with a horn in good working order and that a driver give audible warning when it is reasonably necessary to insure the safe operation of his automobile. There is no duty on the part of an overtaking motorist to sound his horn when there is no apparent necessity to do so. [emphasis added]
In the instant action, the judge's charge reads as follows:
Plaintiff also contends the truck was negligent in failing to sound his horn before passing. LSA-R.S. 32:351(A) requires the motorist to sound his horn "When reasonably necessary to insure safe operation". The overtaking motorist is not required to sound his horn before passing in every instance. It is only required when there is an apparent necessity to do so.
The judge's instructions to the jury on the duty of a motorist to sound his horn reflects the correct principles of law. Plaintiffs' assignment of error on this charge is without merit.

OTHER JURY CHARGES
Anita Ainsworth also assigns the following specifications of error on the judge's charges to the jury:
The trial court erred in charging the jury with the sudden emergency doctrine.
The trial court erred in failing to give proper charges on the duties of an overtaking motorist.
The trial court erred in failing to adequately charge the jury as to the guest passenger status of plaintiffs.
LSA-C.C.P. 1973 sets forth the time for objecting to jury charges. The article provides:
At the close of the evidence or at an earlier time during the trial as the court reasonably directs, a party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury.
A party may not assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury.
The jurisprudence interpreting this article, has held that where a party fails to object to jury instructions before the jury retires to consider them, he waives the defects therein. Renz v. Texas & Pacific Railway Co., 138 So.2d 114 (La.App. 3rd Cir. 1962). An examination of the record reveals that plaintiff, Anita Ainsworth, failed to object to these charges before the jury retired to consider them. Since plaintiff failed to object to these charges, any defects therein were waived.

NEW TRIAL
Finally, plaintiff contends that the trial judge erred in failing to grant a new *1192 trial. Plaintiff alleges as grounds for a new trial that the jury was confused by the judge's instructions and ignored the law charged to it.
The peremptory grounds for a new trial are provided by C.C.P. article 1972 which states:
A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) Where the judgment appears clearly contrary to the law and the evidence;
(2) Where the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial; or
(3) In jury cases, as provided in Article 1814.
A review of the record reveals that the judgment does not appear clearly contrary to the law and the evidence. Also, plaintiff does not allege that she has discovered new evidence entitling her to a new trial. However, plaintiff additionally alleges that ground for a new trial exists under Article 1814.
Article 1814 provides that a new trial shall be granted if it is proven that the jury has bribed or behaved improperly so that impartial justice has not been done. Plaintiff alleges that the jury misbehaved by disregarding the judges instructions. However, a review of the record reveals that plaintiff did not prove, and in fact introduced no evidence, that the jury disregarded the instructions. Having failed to prove any misbehavior on the part of the jury, plaintiff has not established any mandatory grounds for a new trial.
Plaintiff contends that the jury was confused by the judge's charges. This is not a peremptory ground for a new trial. However, LSA-C.C.P. article 1973 provides that a new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law. The jurisprudence has held that the trial court's decision to grant or deny a new trial based on discretionary ground will not be disturbed unless there has been a clear abuse of discretion. Shows v. Williamson, 256 So.2d 688 (La.App. 2nd Cir. 1972).
In Thibeaux v. State Farm Mutual Automobile Insurance Company, 285 So.2d 363 (La.App. 3rd Cir. 1973), the court stated:
This court is not disposed to interfere with the deliberations and determinations of juries when conducted under such circumstances that it can be safely assumed that impartial justice was achieved.
In the present case, plaintiffs failed to establish good grounds for a new trial. Although the jury may have been confused on the law governing last clear chance, the judge's jury charge, correctly setting forth the principles governing the determination of negligence, satisfy this court that impartial justice was achieved. The trial judge did not abuse his discretion in refusing to grant a new trial.
For the above and foregoing reasons, the judgment of the trial court dismissing plaintiffs' claim against defendant is affirmed.
AFFIRMED.
NOTES
[1] The statute provides, in pertinent part:

A. Every vehicle when operated upon a highway of this state shall be equipped with a horn in good working order and capable of emitting sound audible under normal conditions from a distance of not less than 200 feet, but no horn or other warning device shall emit an unreasonably loud or harsh sound, or a whistle. The driver of a motor vehicle shall, when reasonably necessary to insure safe operation, give audible warning with his horn, but shall not otherwise use such horn when upon a highway of this state.
[2] Dean Prosser has agreed with the conclusion of our Supreme Court. Commenting on the many variations of last clear chance in various jurisdictions he said,

A few courts, with something resembling billiard-parlor reverse English, have even purported to recognize a "last clear chance" doctrine in favor of the defendant, to bar the plaintiff's recovery; but since this comes out at exactly the same place as the defense of contributory negligence without the doctrine at all, and is calculated only to bewilder the jury with incomprehensible instructions, most courts have rejected any such idea. Prosser, Law of Torts, 1971, page 429.